In the Matter of the Claim of DOROTHY TURITZ, Respondent. MICHAEL J. MURPHY, as Acting Industrial Commissioner, Appellant.— The Industrial Commissioner has appealed from a decision of the Unemployment Insurance Appeal Board holding that claimant refused an offer of employment with good cause and was, therefore, entitled to unemployment insurance benefits. The Board reversed the decision of an Unemployment Insurance Referee who disallowed the claim. Claimant, a bookkeeper, filed a claim for unemployment insurance benefits on February 22, 1943. Her last job prior to the filing for benefits was as a bookkeeper from December, 1942, to February, 1943. Her wages were thirty dollars per week. Prior to 1942, she had been employed as a bookkeeper at twenty-five dollars per week. On February 26, 1943, claimant was referred to a job as a bookkeeper at thirty dollars per week, which she declined to accept. She stated that she would not take a position at a salary of less than forty dollars per week. The proof shows that the prevailing wages for a person of her experience was from twenty-six dollars to thirty dollars per week. On the evidence there is no basis for the Board's finding that claimant refused the offer with good cause. Decision appealed from reversed and the decision of the referee is reinstated, without costs. Hill, P. J., Bliss, Heffernan and Schenck, JJ., concur.

In the Matter of the Claim of MILDRED T. GRANAT, Respondent. MICHAEL J. MURPHY, as Acting Industrial Commissioner, Appellant.— Appeal by the Industrial Commissioner from a decision of the Unemployment Insurance Appeal Board which affirmed a decision of the Unemployment Insurance Referee which held that claimant did not refuse to accept an offer of employment without good cause, and overruled an initial determination of the Acting Industrial Commissioner that claimant was disqualified for unemployment insurance benefits by reason of her failure to accept an offer of employment for which she is reasonably fitted by training and experience. The issue here presented is whether there is sufficient evidence in the record to sustain the Board's finding that claimant refused to accept an offer of employment with good cause. The evidence is insufficient as a matter of law to sustain the Board's finding and the decision of the Board should be reversed and the initial determination of the Industrial Commissioner reinstated, with costs to the Industrial Commissioner. Hill, P. J., Bliss, Heffernan and Schenck, JJ., concur.

In the Matter of the Claim of MAREE SWEENEY, Respondent. MICHAEL J. MURPHY, as Acting Industrial Commissioner, Appellant.— The Unemployment Insurance Appeal Board reversed the initial determination of the Acting Industrial Commissioner that claimant left her last place of employment "without good cause" (Labor Law, § 506, subd. 2). Decision reversed, without costs. Hill, P. J., Bliss, Heffernan and Schenck, JJ., concur.

BRIDGEPORT PAPER CO., INC., Appellant, v. JULIUS WEISS, Doing Business under the Name of COHOES PAPER COMPANY, Respondent.— Appeal from an order denying plaintiff's motion for summary judgment. Order affirmed, with ten dollars costs and disbursements. Hill, P. J., Bliss, Heffernan and Schenck, JJ., concur.